# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| VICTOR RODGERS,<br><br>    Plaintiff,<br><br>vs.<br><br>LAURA PALUMBO, DEBRA WIETHORN and KAREN JOHNSON,<br><br>    Defendants. | No. 12-CV-118-LRR<br><br>**ORDER** |

_____

## TABLE OF CONTENTS

I.    INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *1*

II.   PROCEDURAL HISTORY . . . . . . . . . . . . . . . . . . . . . . . . . . *2*

III.  FACTUAL BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . *2*

IV.  SUBJECT MATTER JURISDICTION . . . . . . . . . . . . . . . . . . . . *3*
     A.   *Standard of Review* . . . . . . . . . . . . . . . . . . . . . . . . . . *3*
     B.   *Parties' Arguments* . . . . . . . . . . . . . . . . . . . . . . . . . . *4*
     C.   *Applicable Law* . . . . . . . . . . . . . . . . . . . . . . . . . . . . *4*
     D.   *Application* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *5*

V.    STATUTE OF LIMITATIONS . . . . . . . . . . . . . . . . . . . . . . . . *6*
     A.   *Standard of Review* . . . . . . . . . . . . . . . . . . . . . . . . . . *6*
     B.   *Parties' Arguments* . . . . . . . . . . . . . . . . . . . . . . . . . . *7*
     C.   *Applicable Law* . . . . . . . . . . . . . . . . . . . . . . . . . . . . *8*
     D.   *Application* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *9*

VI.  CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *10*

## I. INTRODUCTION

The matter before the court is Defendants Laura Palumbo, Debra Wiethorn and Karen Johnson's (collectively, "Defendants") "Motion to Dismiss" ("Motion") (docket

1

no. 6).

## II.  PROCEDURAL HISTORY

On October 29, 2012, Plaintiff Victor Rodgers filed a Petition ("Complaint") in the District Court for Linn County, Iowa, Case No. LACV76992. Complaint (docket no. 3). In the Complaint, Rodgers alleges that Defendants violated Rodgers's civil rights under the Fourth and Fourteenth Amendments to the United States Constitution in violation of 42 U.S.C. § 1983.

On December 3, 2012, Defendants filed the Motion. On December 19, 2012, Rodgers filed a Resistance (docket no. 7). On December 26, 2012, Defendants filed a Reply (docket no. 8). Neither party requests oral argument on the Motion, and the court finds that oral argument is unnecessary. The Motion is fully submitted and ready for decision.

## III.  FACTUAL BACKGROUND

Rodgers is a resident of Cedar Rapids, Iowa. Rodgers seeks relief against Palumbo, Wiethorn and Johnson. Palumbo is a resident of Cedar Rapids, Iowa. At times relevant to the instant action, Palumbo was a case worker with the Iowa Department of Human Services and was involved in juvenile court proceedings. Wiethorn is a resident of Cedar Rapids, Iowa. At times relevant to the instant action, Wiethorn was a case worker with the Iowa Department of Human Services and was involved in juvenile court proceedings. Johnson is a resident of Iowa City, Iowa. At times relevant to the instant action, Johnson was an employee of the Iowa Department of Human Services and was the supervisor of Palumbo and Wiethorn.

Rodgers's child, K.R., was born in February 2009. Shortly after K.R's birth, K.R. was adjudicated as a child in need of assistance and placed in foster care. Wiethorn was assigned as the case worker for Rodgers. In May 2009, after a paternity test concluded that Rodgers was K.R.'s father, Rodgers requested custody of K.R. Defendants

2

recommended that K.R. remain in foster care. In June 2009, Rodgers again requested that K.R. be placed with him, but this request was again denied. Later in 2009, Palumbo became the case worker assigned to Roger's case.

On May 17, 2010, the State filed a petition to terminate Roger's parental rights to K.R. A juvenile court held hearings to determine whether to terminate Roger's parental rights to K.R. on August 30, 2010, and September 24, 2010. A juvenile court terminated Roger's parental rights to K.R. on November 16, 2010. Rodgers appealed and the Iowa Court of Appeals affirmed the juvenile court's decision on February 9, 2011.

## IV. SUBJECT MATTER JURISDICTION

### A. Standard of Review

"Federal courts are courts of limited jurisdiction," and the threshold requirement in every federal case is jurisdiction. *Godfrey v. Pulitzer Publ'g Co.*, 161 F.3d 1137, 1141 (8th Cir. 1998) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998)). "Any party or the court may, at any time, raise the issue of subject matter jurisdiction." *GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 828 (8th Cir. 2004). "Without jurisdiction[, a] court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Steel Co.*, 523 U.S. at 94 (quoting *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868)) (internal quotation marks omitted).

A party may move for dismissal for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). Fed. R. Civ. P. 12(b)(1). The party asserting jurisdiction has the burden of establishing its existence. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). In assessing a Rule 12(b)(1) motion, the court may consider matters and submissions outside the pleadings and makes no presumptions that the allegations in the complaint are true. *Osborn v. United States*, 918 F.2d 724, 729-30

(8th Cir. 1990).

## B. Parties' Arguments

Defendants argue that the court should dismiss Rodgers's § 1983 action for lack of subject matter jurisdiction under the *Rooker-Feldman*[1] doctrine because Rodgers's "claim for damages is inextricably intertwined with the [juvenile] court['s] decisions to remove his daughter from his care and then terminate his parental rights." Reply at 3. Rodgers contends that the *Rooker-Feldman* doctrine does not apply to his § 1983 action because he does not ask the court to review or overturn the state court's decision; rather, "he is seeking damages for the unconstitutional treatment of him by individuals." Brief in Support of Resistance (docket no. 7-1) at 10.

## C. Applicable Law

In *Rooker*, the United States Supreme Court held that it is the only federal court that has the authority to entertain a proceeding to reverse or modify a final state court judgment. 263 U.S. at 416; *see also* 28 U.S.C. § 1257(a) (granting the Supreme Court authority to review final judgments rendered by a state's highest court). In *Feldman*, the Supreme Court reaffirmed that district courts do not have jurisdiction to review final state court judgments. 460 U.S. at 482-86. In *Feldman*, the Supreme Court further concluded that federal district courts lack subject matter jurisdiction to review issues that are "inextricably intertwined" with the issues previously decided in a state court proceeding because, in that situation, the district court "is in essence being called upon to review the state court decision." *Id*. at 482 n.16.

The two principles have merged to become the *Rooker-Feldman* doctrine, which stands for the proposition that federal district courts lack subject matter jurisdiction to review final state court judgments and claims that are inextricably intertwined with state

---

[1] *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

court decisions. *See Exxon Mobil Corp v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283 (2005) (discussing the formation of the *Rooker-Feldman* doctrine). The *Rooker-Feldman* doctrine is "narrow" in scope and "is confined to cases . . . brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* at 284; *see also Riehm v. Engelking*, 538 F.3d 952, 964 (8th Cir. 2008) (discussing the limited scope of the *Rooker-Feldman* doctrine).

In *Pittman v. Cuyahoga County Department of Children & Family Services*, 241 F. App'x 285 (6th Cir. 2007), the Sixth Circuit Court of Appeals addressed facts similar to those in the instant action and found that the *Rooker-Feldman* doctrine did not deprive the district court of subject matter jurisdiction over the plaintiff's § 1983 claim against the Cuyahoga County Department of Children and Family Services and others who, he alleged, among other things, "falsely represent[ed] information to the juvenile court and other county officials in order to 'completely cut [the plaintiff] out of the [custody] process.'" *Id.* at 287-89 (third alteration in original). The Sixth Circuit held:

> [The plaintiff] seeks compensatory damages and a declaratory judgment stating that [the] [d]efendants' actions violated the Fourteenth Amendment; [the plaintiff] does not seek custody of [the child] or otherwise request a reversal of the juvenile court's decision. . . . [The plaintiff's] claims focus on [the] [d]efendants' actions, rather than the outcome of the state court custody proceedings. We therefore conclude that the source of [the plaintiff's] alleged injury is [the] [d]efendants' actions, not the state court judgment. Because [the plaintiff] does not complain of an injury caused by a state court judgment, we find that he is asserting independent claims, which are not barred by *Rooker-Feldman*.

*Id.* at 288.

### D. Application

Like the plaintiff in *Pittman*, Rodgers seeks monetary compensation for his claims

5

against Defendants who allegedly acted unlawfully by, among other things, "l[ying] and misrepresent[ing] information to the parties and the [juvenile] [c]ourt." Complaint ¶ 25. Rodgers is not "inviting district court review and rejection of" the state court's order terminating his parental rights. *Exxon*, 544 U.S. at 284. Thus, the court holds that the "*Rooker-Feldman* [doctrine] does not bar [Rodgers's] federal-court challenge to [Defendants'] improper conduct during a prior state court proceeding." *Pittman*, 241 F. App'x at 288.

The court has federal question jurisdiction over Rodgers's claim against Defendants, which arises under 42 U.S.C. § 1983 and the Fourteenth Amendment to the Constitution. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

## V. STATUTE OF LIMITATIONS

### A. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal on the basis of "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *accord B & B Hardware, Inc. v. Hargis Indus., Inc.*, 569 F.3d 383, 387 (8th Cir. 2009). A claim satisfies the plausibility standard "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl.*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Bell Atl.*, 550 U.S. at 556).

Although a plaintiff need not provide "detailed" facts in support of his or her

allegations, the "short and plain statement" requirement of Federal Rule of Civil Procedure 8(a)(2) "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Bell Atl.*, 550 U.S. at 555) (internal quotation marks omitted); *see also Erickson v. Pardus*, 551 U.S. 89, 93 (2007) ("Specific facts are not necessary [under Rule 8(a)(2)]."). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl.*, 550 U.S. at 555). "Where the allegations show on the face of the complaint [that] there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." *Benton v. Merrill Lynch & Co.*, 524 F.3d 866, 870 (8th Cir. 2008) (citing *Parnes v. Gateway 2000, Inc.*, 122 F.3d 539, 546 (8th Cir. 1997)).

### B. Parties' Arguments[2]

In the Motion, Defendants argue that the court should dismiss the Complaint against them because the applicable statute of limitations bars Rodgers's claim.[3] The parties agree that Iowa Code section 614.1(2), which provides a two-year statute of limitations for personal injury claims, sets forth the relevant statute of limitations for Rodgers's § 1983 claim. *See Wycoff*, 773 F.2d at 984 (holding that the two-year statute of limitations under

---

[2] The court notes that in addition to their statute of limitations argument, Defendants also assert that the court should dismiss the Complaint against them because the Complaint is barred by the doctrine of res judicata and Defendants are entitled to absolute and qualified immunity. In addition, Defendants argue that the court should dismiss the Complaint against Johnson because Rodgers cannot assert a § 1983 claim against an individual in her supervisory capacity. Because the court finds that the applicable statute of limitations bars Rodgers's claim, the court finds it unnecessary to address Defendants' additional arguments in the Motion.

[3] A statute of limitations defense is properly asserted in a Rule 12(b)(6) motion to dismiss. *Wycoff v. Menke*, 773 F.2d 983, 984-85 (8th Cir. 1985) ("[W]hen it 'appears from the face of the complaint itself that the limitation period has run,' a limitations defense may properly be asserted through a 12(b)(6) motion to dismiss." (quoting *R.W. Murray Co. v. Shatterproof Glass Corp.*, 697 F.2d 818, 821 (8th Cir. 1983))).

Iowa Code section 614.1(2) applies to all § 1983 actions arising in Iowa). However, the parties disagree as to when the statute of limitations began to run.

Defendants contend that Rodgers's cause of action accrued, and thus, the statute of limitations began to run, at the latest, on the date of the last termination hearing on September 24, 2010. Therefore, Defendants assert that Rodgers's claim is untimely because he filed the Complaint on October 29, 2012—more than two years after the date his cause of action accrued.

Rodgers claims that the statute of limitations began to run on November 16, 2010, when the juvenile court issued its order terminating Rodgers's parental rights because "his right to action became ripe once the [child custody] process concluded with the November 16, 2010 termination of [Rodgers's] parental rights." Brief in Support of Resistance at 6. In other words, Rodgers contends that his cause of action accrued, not when Defendants acted wrongfully, but when the juvenile court terminated his parental rights. Thus, Rodgers argues that the Complaint filed on October 29, 2012, is within the two-year statute of limitations.

### C. Applicable Law

While the state statute of limitations for personal injury tort claims determines the length of the statute of limitations for a § 1983 action, "federal rules conforming in general to common-law tort principles" govern when the cause of action accrues and the statute of limitations begins to run. *Wallace v. Kato*, 549 U.S. 384, 388 (2007). A cause of action accrues "when the plaintiff has 'a complete and present cause of action,' . . . that is, when 'the plaintiff can file suit and obtain relief.'" *Id.* (quoting *Bay Area Laundry & Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal.*, 522 U.S. 192, 201 (1997)). In *Wallace*, the Supreme Court found:

> "Under the traditional rule of accrual . . . the tort cause of action accrues, and the statute of limitations commences to run, when the wrongful act or omission results in damages.

8

> The cause of action accrues even though the full extent of the injury is not then known or predictable." 1 C. Corman, Limitation of Actions § 7.4.1, pp. 526-527 (1991) (footnote omitted); *see also* 54 C.J.S., Limitations of Actions § 112, p. 150 (2005).

*Id.* at 391 (alteration in original). Stated another way, "[u]nder federal law, a cause of action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Gartrell v. Gaylor*, 981 F.2d 254, 257 (5th Cir. 1993) (citing *Lavellee v. Listi*, 611 F.2d 1129, 1130 (5th Cir. 1980)); *accord Shomo v. City of New York*, 579 F.3d 176, 181 (2d Cir. 2009); *Johnson v. Johnson Cnty. Comm'n Bd.*, 925 F.2d 1299, 1301 (10th Cir. 1991); *Cox v. Stanton*, 529 F.2d 47, 50 (4th Cir. 1975).

### D. Application

In the Complaint, Rodgers alleges that Defendants violated his constitutional rights by interfering with his parent-child relationship after K.R.'s removal and denying him his procedural due process rights during the proceedings. Rodgers lists several wrongful acts Defendants committed throughout the child custody determination process and at the termination hearings. Rodgers does not allege any wrongful conduct subsequent to the last hearing on September 24, 2010, nor does Rodgers deny that he became aware of Defendants' unlawful actions as they occurred. Thus, Rodgers's assertion that his cause of action accrued on November 16, 2010, is without merit because if Defendants' conduct violated Rodgers's constitutional rights, their actions were unlawful regardless of the state court's final disposition of the termination proceedings, including any appellate review.

As previously noted, Rodgers does not ask the court to review the juvenile court's decision to terminate his parental rights; rather, Rodgers seeks monetary damages for Defendants' wrongful actions. Assuming that all of the facts alleged in the Complaint are true, Defendants injured Rodgers by violating his constitutional rights, if at all, before and during the September 24, 2010 hearing. Therefore, the court finds that Rodgers's cause of action accrued, at the latest, on September 24, 2010. Accordingly, the October 29,

9

2012 Complaint is untimely because Rodgers waited two years and thirty-five days after the final termination hearing to file the Complaint.

## VI. CONCLUSION

In light of the foregoing, Defendants Laura Palumbo, Debra Wiethorn and Karen Johnson's "Motion to Dismiss" (docket no. 6) is **GRANTED**. The Clerk of Court is **DIRECTED** to enter judgment in favor of Defendants Laura Palumbo, Debra Wiethorn and Karen Johnson.

**IT IS SO ORDERED**.

**DATED** this 16th day of May, 2013.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA